**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 0 3 2011 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

                                 X

BRIAN MILLER; on behalf of
himself and all others similarly situated:

                        Plaintiff,

                       vs.

RECOVERY OF JUDGMENT, LLC, LAW OFFICES OF
J. HENRY NIERMAN a/k/a JOSEPH NIERMAN and JOHN
AND JANE DOES NUMBERS 1 THROUGH 25,

                        Defendants.

---

                                 X

**CV** CASE NO. **11   2150**

**CLASS ACTION**

**COMPLAINT FOR VIOLATION OF
THE FEDERAL FAIR DEBT
COLLECTION PRACTICES ACT
AND OTHER RELATED STATUTES**

**COGAN, J.**

## I. PRELIMINARY STATEMENT

1.      Plaintiff, Brian Miller, on behalf of himself and all others similarly situated, and

demanding a trial by jury, brings this action for the illegal practices of the Defendants

[hereinafter " Recovery" and  "Nierman"] who, *inter alia,* used false, deceptive, and misleading

practices, and other illegal practices, in connection with its attempts to collect an alleged debt from

the Plaintiff and others.

2.      The Plaintiff alleges, upon information and belief, that defendants' collection practices

violate the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (**"FDCPA"**) and related State

and Common Law claims.

3.      Such practices include, *inter alia:*

         (a)      Leaving telephonic voice messages for consumers, which fail to provide

                 meaningful disclosure of defendant's identity;

(b)     Leaving telephonic voice messages for consumers, which fail to disclose

the purpose or nature of the communication (i.e. an attempt to collect a debt); and

(c)     Leaving telephonic voice messages for consumers, which fail to disclose that the

call is from a debt collector;

(d)     Continuing to communicate with a debtor after having been notified to cease and

desist from such communication;

(e)     Threatening a debtor during such communications.

(f)     Sending a written communication to debtor which indicates on the outside of the

envelope that it concerns a debt or is from a debt collector.

4.      The FDCPA regulates the behavior of collection agencies and others attempting to collect

a debt on behalf of another.  The United States Congress has found abundant evidence that the use of

abusive, deceptive, and unfair debt collection practices contribute to a number of personal

bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted

the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt

collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote uniform State action to protect consumers against debt collection

abuses. 15 U.S.C.§ 1692(a) - (e).

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages

upon the showing of one violation.  The Second Circuit has held that whether a debt collector's

conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated

consumer." *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir. 1993).

6.      To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d,

provides that a debt collector may not engage in any conduct the natural consequence of which is to

harass, oppress, or abuse any person in connection with the collection of a debt and names a non-

exhaustive list of certain *per se* violations of harassing and abusive collection conduct.  Among the

*per se* violations prohibited by that section are: the placement of telephone calls without meaningful

disclosure of the caller's identity, repeatedly telephoning a debtor, and speaking to a debtor in an

abusive or threatening manner, 15 U.S.C.]1692 (6).

7.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false,

deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se*

violations of false and deceptive collection conduct.  15 U.S.C. § 1692e(1)-(16).  Among these *per se*

violations prohibited by that section are:  the failure by debt collectors to disclose in initial oral

communications that the debt collector is attempting to collect a debt and that any information

obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to

disclose in subsequent oral communications with consumers that the communication is from a debt

collector, 15 U.S.C.§ 1692e(11).   Another pertinent *per se* violation is sending debtor a written

communication that indicates on the outside of the letter that the communication is from a debt

collector or concerns a debt, 15 U.S.C.§ 1692f(7),(8).

8.      The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory

damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate

by this Court, pursuant to the FDCPA and all other common law or statutory regimes.  The Plaintiff,

on behalf of himself and all others similarly situated, requests that he and the class members be

awarded statutory, common law, or actual damages payable by the Defendants.

## II. PARTIES

9.      **Brian Miller**[hereinafter, "Miller"] is a natural person.

10.     At all times relevant to this complaint, Miller was a citizen of, and resided in, the County

of Queens, City and State of New York, and, as such, resided within the Eastern District of New

York.

11.     At all times relevant to this complaint, Recovery is a domestic limited liability company

and maintains its principal business address at 352 Seventh Avenue, Suite 803, New York, NY

10001. Nierman, an attorney, shares this address.

12.     Defendants, JOHN AND JANE DOES NUMBERS 1 THOUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff.  Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

13.     The Plaintiff is  informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of  defendants that are subject of this complaint.  Those Defendants personally control the illegal acts, policies, and practices utilized by Recovery and Nierman and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.


### III. JURISDICTION & VENUE

14.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

15.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

16.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of Plaintiff occurred within this Federal Judicial District, and because Plaintiff resides herein at the time this action is commenced.

17.     Pendant jurisdiction exists pursuant to 28 U.S.C. §1337.


### IV. FACTS CONCERNING PLAINTIFF

18.     Sometime prior to  March 23, 2009 Plaintiff allegedly incurred a financial obligation to Rafael Davrayev, his landlord, for rent at his home.

19.     This obligation arose out of a transaction in which the money, property, insurance, or

services which are the subject of the transaction are primarily for personal, family, or household purposes.

**20.** Defendants contend that this obligation  is in default.

**21.** The alleged rent obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

**22.** Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**23.** Plaintiff is informed and believes, and on that basis alleges, that sometime prior to November 18, 2010 the creditor of the rent obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to Recovery, which in turn placed it with Nierman for collection. It is further alleged that Nierman owns an interest in Recovery.

**24.** **Nierman and Recovery**  collect, and attempt to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, Internet, and other instrumentalities of interstate commerce.

**25.** That Nierman and Recovery  are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

**26.** Within the one year immediately preceding the filing of this complaint, Nierman and Recovery contacted plaintiff's home telephones in an attempt to collect the alleged debt.

**27.** On multiple occasions within the one year immediately preceding the filing of this complaint, Plaintiff received the telephonic voice messages on his home telephone answering machine [hereinafter "Messages"]:

**28.** Each of the Messages was left in connection with the collection of a "debt" a defined by 15 U.S.C. § 1692a(5).

**29.** Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

**30.** Each of the Messages was left, or caused to be left, by persons employed by defendants.

**31.** The telephone number (888) 841-5366  is answered by debt collectors employed by defendants.

32.     Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

33.     Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

34.     At the time Plaintiff received the Messages, he did not know that the calls were from a debt collector.

35.     At the time Plaintiff received the Messages, he did not know that the calls concerned the collection of a debt.

36.     Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

37.     Each of the Messages is false, deceptive and misleading insofar as it failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that defendant is a debt collector, thereby circumventing Congress' intent to permit Plaintiff to make an informed decision as to whether he wished to speak with a debt collector.

## V. POLICIES AND PRACTICES COMPLAINED OF

38.     It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by uniformly failing to:

(a)     Provide meaningful disclosure of defendant's identity as the caller;

(b)     Disclose that the communication was from a debt collector, and

(c)     Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

39.     In addition, defendants wrote to plaintiff using an envelope bearing on its exterior a return address label prominently displaying the name "RECOVERY OF JUDGMENT" together with a

picture of a judicial gavel.  This communication was dated November 18, 2010 and was postmarked

on November 22, 2010.

**40.**    On information and belief, the Messages and other communications described in this

complaint number at least in the hundreds.

## VI. CLASS ALLEGATIONS

**41**.    This action is brought as a class action.  Plaintiff brings this action on behalf of himself

and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil

Procedure.

**42.**    This claim is brought on behalf of a Plaintiff Class, consisting of: (a) all persons;

(b) residing in the City of New York. (c) for whom Defendants left voicemail or answering machine

messages, in substantially the same form as the Messages; (d) that did not meaningfully identify

Defendants or state that the call was for collection purposes; (e) during a period beginning one year

prior to the filing of this initial action and ending 20 days after the filing of this Complaint, or who

received written communications from defendants which indicated on the exterior of the envelope

that the communication was from a debt collector or concerned a debt, or otherwise violated the

FDCPA.

**43.**    The identities of all class members are readily ascertainable from the records of

defendants and those persons or companies on whose behalf it attempted to collect debts.

**44.**    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners,

managers, directors, and employees of the Defendants and their respective immediate families, and

legal counsel for all parties to this action and all members of their immediate families.

**45.**    There are questions of law and fact common to the Plaintiff Class, which common issues

predominate over any issues involving only individual class members.  The principal issues are:

whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C.§§

1692(6) and 1692e(11) and whether Defendants' practice of  sending written communications to

debtors using envelopes bearing return address labels which indicated that the communication is from a debt collector or concerns a debt similarly violate the FDCPA.

**46.** Plaintiff's claims are typical of these class members, as all are based upon the same facts and legal theories.

**47.** The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

**48.** This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    **(a)**     <u>**Numerosity:**</u> The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    **(b)**     <u>**Common Questions Predominate:**</u> Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's messages and written communications were unlawful.

    **(c)**     <u>**Adequacy:**</u> The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    **(d)**     <u>**Superiority:**</u> A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be

impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and with unnecessary duplication of effort and expense that individual actions would engender.

**49.**     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for defendants, which, on information and belief, collects debts throughout the United States of America.

**50.**     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the communications described herein violate 15 U.S.C. §§ 1692d(6), 1692e(10), and/or 1692e(11) and              is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

**51.**     Certification of class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII. FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT
### (AGAINST ALL DEFENDANTS)

**52.**     Plaintiff realleges and incorporates by reference the allegations in the preceding Paragraphs of this Complaint.

53.     Defendants violated the FDCPA.  Defendant's violations with respect to the Messages and other contact with Plaintiff include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of  defendants' identity as Nierman or Recovery as the caller in violation of 15 U.S.C. §1692(6);

(b)     Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(c)     Failing to disclose in its initial communication with the consumer that they are attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(d)     Failing to disclose in all oral communications that they are a debt collector in violation of 15 U.S.C. §1692e(11); and

(e)     Sending debtors written communications in envelopes containing on their exterior a return address label indicating that the communication concerned a debt or was from a debt collector and otherwise employing false and deceptive means to collect a debt in violation of 15 U.S.C. § 692e(10).

## VIII. SECOND CASE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL DEFENDANTS)

54.     The Plaintiff incorporates by reference  all of the above paragraphs of this Complaint as though fully set forth herein at length.

55.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

56.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress

under the laws of the State of New York.

57.    All acts of the Defendants and their collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## IX. THIRD CAUSE OF ACTION

## VIOLATIONS OF NEW YORK GBL § 349

## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

### (AGAINST ALL DEFENDANTS)

58.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

59.    The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

60.    The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

61.    The defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

## X. FOURTH CAUSE OF ACTION

## PRIMA FACIE  TORT

### (AGAINST ALL DEFENDANTS)

62.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.    The acts, practices and conduct engaged in by the Defendants and complained of herein

constitute prima facie tort under the Common Law of the State of New York.

64.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.  All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## XI. FIFTH CAUSE OF ACTION

## NEGLIGENCE AGAINST ALL DEFENDANTS

65.     Plaintiff incorporates by reference all the above Paragraphs of this complaint as though fully set forth herein at length.

66.     The conduct of Defendants in attempting to collect a debt from Plaintiff was careless.

67.     The acts of Defendants as aforesaid, constitute negligence, all to Plaintiff's detriment.

## XII PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A.      **For the FIRST CAUSE OF ACTION:**

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii)    An award of the maximum statutory damages for Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii)   Declaratory relief adjudicating that defendants' communications with debtors violate the FDCPA.

(iv)    Attorneys fees, litigation expenses, and costs pursuant to 15 U.S.C.

§ 1692k(a)(B)(3); and

(v)    For such other and further relief as may be just and proper.

B.    **For the SECOND AND FOURTH CAUSE OF ACTION**

(i)    Against each of the named defendants, jointly and severally awarding the Plaintiff

actual damages, punitive damages and reasonable attorneys fees;

C.    **For the THIRD CAUSE OF ACTION**

(i)    Against each of the named defendants, jointly and severally, awarding the Plaintiff

actual damages, trebled, pursuant to NY GBL § 349;

(ii)    Against each of the named defendants, jointly and severally, awarding the Plaintiff

recovery of the costs of litigation and reasonable attorney fees pursuant to NY GBL § 349.

(iii)    Against each of the named defendants, jointly and severally, an award of punitive

damages in such amount as is found appropriate;

(iv)    Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

D.    **For the FIFTH CAUSE OF ACTION**

(i)    Against each of the above named defendants, jointly and severally, awarding

Plaintiffs with actual damages, and costs.


**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 29, 2011

Yours, etc.,

Edward J. Grossman
Attorney for Plaintiff
135 West Main Street
Smithtown, NY 11787
(631) 265-5864