UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X   CASE NO. CV-02150-BMC

BRIAN MILLER

               Plaintiff,

               vs.

RECOVERY OF JUDGMENT, LLC, LAW OFFICES OF
J. HENRY NIERMAN a/k/a JOSEPH NIERMAN and JOHN
AND JANE DOES NUMBERS 1 THROUGH 25,

               Defendants.
---------------------------------------X

*AMENDED*
COMPLAINT FOR VIOLATION OF
THE FEDERAL FAIR DEBT
COLLECTION PRACTICES ACT
AND OTHER RELATED STATUTES

## I. PRELIMINARY STATEMENT

1. Plaintiff, Brian Miller, demanding a trial by jury, brings this action for the illegal practices of the Defendants [hereinafter "Recovery" and "Nierman"] who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect and alleged debt from the Plaintiff and others.

2. The Plaintiff alleges, upon information and belief, that defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") and related State and Common Law claims.

3. Such practices include, *inter alia*:

    (a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of defendant's identity;

    (b) Leaving telephonic voice messages for consumers, which fail to disclose

the purpose or nature of the communication (i.e. an attempt to collect a debt); and

(c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector;

(d) Continuing to communicate with a debtor after having been notified to cease and desist from such communication;

(e) Threatening a debtor during such communications.

(d) Sending a written communication to debtor which indicates on the outside of the envelope that it concerns a debt or is from a debt collector.

4. The FDCPA regulates the behavior of collection agencies and others attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C.§ 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful

disclosure of the caller's identity, repeatedly telephoning a debtor, and speaking to a debtor in an abusive or threatening manner, 15 U.S.C.]1692 (6).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C.§ 1692e(11). Another pertinent *per se* violation is sending debtor a written communication that indicates on the outside of the letter that the communication is from a debt collector or concerns a debt. (add citation here).

8. The Plaintiff seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff requests that he be awarded statutory, common law, or actual damages payable by the Defendants.

## II. PARTIES

9. **Brian Miller** [hereinafter, "Miller"] is a natural person.

10. At all times relevant to this complaint, Miller was a citizen of, and resided in, the County of Queens, City and State of New York, and, as such, resided within the Eastern District of New York.

11. At all times relevant to this complaint, Recovery is a domestic limited liability company and maintains its principal business address at 352 Seventh Avenue, Suite 803, New York, NY 10001. Nierman, an attorney, shares this address.

12. Defendants, JOHN AND JANE DOES NUMBERS 1 THOUGH 25, are sued under

fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

13. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of defendants that are subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Recovery and Nierman and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

15. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

16. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of Plaintiff occurred within this Federal Judicial District, and because Plaintiff resides herein at the time this action is commenced.

17. Pendant jurisdiction exists pursuant to 28 U.S.C. §1337.

### IV. FACTS CONCERNING PLAINTIFF

18. Sometime prior to March 23, 2009 Plaintiff allegedly incurred a financial obligation to Rafael Davrayev, his landlord, for rent at his home.

19. This obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

20. Defendants contend that this obligation is in default.

21. The alleged rent obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

22. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

23. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to November 18, 2010 the creditor of the rent obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to Recovery, which in turn placed it with Nierman for collection. It is further alleged that Nierman owns an interest in Recovery.

24. **Nierman and Recovery** collect, and attempt to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, Internet, and other instrumentalities of interstate commerce.

25. They are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

26. Within the one year immediately preceding the filing of this complaint, they contacted plaintiff's home telephones in an attempt to collect the alleged debt.

27. On multiple occasions within the one year immediately preceding the filing of this complaint, Plaintiff received the telephonic voice messages on his home telephone answering machine ("Messages"):

28. Each of the Messages was left in connection with the collection of a "debt" a defined by 15 U.S.C. § 1692a(5).

29. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Each of the Messages was left, or caused to be left, by persons employed by defendants.

31. The telephone number (888) 841-5366 is answered by debt collectors employed by defendants.

32. Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

33. Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

34. At the time Plaintiff received the Messages, he did not know that the calls were from a debt collector.

35. At the time Plaintiff received the Messages, he did not know that the calls concerned the collection of a debt.

36. Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

37. Each of the Messages is false, deceptive and misleading insofar as failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that defendant is a debt collector, thereby circumventing Congress' intent to permit Plaintiff to make an informed decision as to whether he wished to speak with a debt collector.

## V. POLICIES AND PRACTICES COMPLAINED OF

38. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by uniformly failing to:

    (a) Provide meaningful disclosure of defendant's identity as the caller;

    (b) Disclose that the communication was from a debt collector, and

    (c) Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

39. In addition, defendants wrote to plaintiff using an envelope bearing on its exterior a return address label prominently displaying the name "RECOVERY OF JUDGMENT" together with a picture of a judicial gavel. This communication was dated November 18, 2010 and was similarly postmarked.

## VII. FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT
## (AGAINST ALL DEFENDANTS)

40. Plaintiff realleges and incorporates by reference the allegations in the preceding Paragraphs of this Complaint.

41. Defendants violated the FDCPA. Defendant's violations with respect to the Messages and other contact with Plaintiff include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of defendants' identity as Nierman or Recovery as the caller in violation of 15 U.S.C. §1692(6);

(b) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(c) Failing to disclose in its initial communication with the consumer that they are attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(d) Failing to disclose in all oral communications that they are a debt collector in violation of 15 U.S.C. §1692e(11);

(e) Sending debtors written communications in envelopes containing on their exterior a return address label indicating that the communication concerned a debt or was from a debt collector and otherwise employing false and deceptive means to collect a debt in violation of 15 U.S.C. § 692e(10).

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

44. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

45. All acts of the Defendants and their collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## IX THIRD CAUSE OF ACTION

## VIOLATIONS OF NEW YORK GBL § 349

## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

## (AGAINST ALL DEFENDANTS)

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

48. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

49. The defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

## FOURTH CAUSE OF ACTION

## PRIMA FACIE TORT

## (AGAINST ALL DEFENDANTS)

50. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute prima facie tort under the Common Law of the State of New York.

52. The Plaintiff have suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## XI. FIFTH CAUSE OF ACTION

## NEGLIGENCE AGAINST ALL DEFENDANTS

53. Plaintiff incorporates by reference all the above Paragraphs of this complaint as though fully set forth herein at length.

54. The conduct of Defendants in attempting to collect a debt from Plaintiff was careless.

67. The acts of Defendants as aforesaid, constitute negligence, all to Plaintiff's detriment.

## XII PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor as follows:

A. **For the FIRST CAUSE OF ACTION**

(i) Declaratory relief adjudicating that defendants' communications with debtors violate the FDCPA.

(ii) Against each of the named defendants, jointly and severally awarding the Plaintiff

actual damages, statutory damages, attorneys fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

    (ii)    For such other and further relief as may be just and proper.

B.    **For the SECOND AND FOURTH CAUSE OF ACTION**

    (i)    Against each of the named defendants, jointly and severely awarding the Plaintiff actual damages, punitive damages and reasonable attorneys fees;

C.    **For the THIRD CAUSE OF ACTION**

    (i)    Against each of the named defendants, jointly and severely, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

    (ii)    Against each of the named defendants, jointly and severely, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney fees pursuant to NY GBL § 349.

    (iii)    Against each of the named defendants, jointly and severely, an award of punitive damages in such amount as is found appropriate;

    (iv)    Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

D.    **For the FIFTH CAUSE OF ACTION**

    (i)    Against each of the above named defendants, jointly and severely, awarding Plaintiff with actual damages, and costs.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 16, 2011                  Yours, etc.,

                                        Edward J. Grossman
                                        Attorney for Plaintiff
                                        135 West Main Street
                                        Smithtown, NY 11787
                                        (631) 265-5864

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BRIAN MILLER; on behalf of
himself and all others similarly situated:

                                 Plaintiff,

RECOVERY OF JUDGMENT, LLC, LAW OFFICES OF
J. HENRY NIERMAN a/k/a JOSEPH NIERMAN and JOHN
AND JANE DOES NUMBERS 1 THROUGH 25,
                                Defendants.
-------------------------------------------------------------------X

      I, Donna Taylor, the undersigned, affirms and says: I am not a party to the action, am over 18 years of age and resides in SUFFOLK COUNTY, NEW YORK. On June 17, 2011 I served the within AMENDED COMPLAINT, by mailing a copy to each, **REGULAR MAIL,** on the following persons at the last known address set forth after each set forth after each name below, by delivering a true copy of each to each person named below at the address indicated.

TO:    Recovery of Judgment, LLC
         Law Office of J. Henry Nierman
         a/k/a Joseph Nierman and
         "John and Jane Does" Number 1 through 25
         352 Seventh Avenue, Suite 803
         New York, New York 10001

_/s/ Donna Taylor_
Donna Taylor

Sworn to before me on this
17th day of June 2011

_____
**Notary Public**

EDWARD J. GROSSMAN
Notary Public, State of New York
No. 02GR4861921
Qualified in Queens County
Commission Expires May 19, 2014

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BRIAN MILLER,

Plaintiff,

-against-

RECOVERY OF JUDGMENT, LLC, THE LAW
OFFICES OF J. HENRY NIERMAN a/k/a JOSEPH
NIERMAN and JOHN AND JANE DOES NUMBERS
1 THROUGH 25

Defendants.
==================================================================

COMPLAINT

==================================================================



==================================================================

EDWARD J. GROSSMAN
*Attorney for Plaintiff*

135 West Main Street
Smithtown, New York 11787

(631) 265-5864
Fax (631) 656-9833
EG 1655