# LAW OFFICES OF EDWARD J. GROSSMAN
## 135 WEST MAIN STREET, SUITE 204
## SMITHTOWN, NY 11787

Edward J. Grossman *

\* Licensed in NY & NJ

Tel: 631-265-5864
Fax: 631-656-9833
www.ejgrossmanlaw.com
eglawoffice@optonline.net

June 27, 2011

The Honorable Brian M. Cogan
United States District Judge
United States District Court, EDNY
225 Cadman Plaza
Brooklyn, New York

Re: Brian Miller v. Recovery of Judgment, LLC
Case No. CV 02150

Honorable Sir:

    Since Mr. Nierman has not responded to our June 15, 2011 letter (See attached) requesting that he participate in drafting a Case Management Plan and joint statement, we are submitted our own statement in lieu of a joint statement. We will bring our proposed Case Management Plan to this afternoon's conference.

Respectfully submitted,

Edward J. Grossman

cc: Mr. Nierman, Esq.
and Recovery of Judgment, LLC
Via Fax

PLAINTIFF'S STATEMENT OF THE CASE
SUBMITTED IN LIEU OF JOINT STATEMENT

Plaintiff, Brian Miller, a consumer having household and personal debt, brought this action against defendants for violations of the Fair Debt Collections Practices Act, *15 U.S.C. 1692 et seq.* Jurisdiction is based upon this Federal statute.

Defendant Nierman, a collections attorney, is the owner of Recovery of Judgment, LLC, an entity which is in the business of purchasing delinquent debt. While attempting to collect on a judgment for rent against Mr. Miller, defendants sent him an information subpoena in an envelope containing a return address bearing the words "Recovery of Judgment, LLC" together with a picture of a judge's gavel. The Act expressly forbids third party debt collectors such as defendants from using their name or any other language or symbol on the exterior of the envelope that might indicate that the communication concerns a debt or is from a debt collector. Thus, all language and symbols on envelopes used for collection are prohibited except for the collector's address and name if the name does not indicate the collector's business. See *Section 1692f(8)*. Defendants are also alleged to have made one or more harassing or annoying telephone calls to plaintiff in violation of the Act.

Defendants contend, incorrectly, that as creditors they are exempt from the FDCPA and have done nothing wrong. However, they are, in fact, subject to the FDCPA because Recovery of Judgment, LLC purchased the debt after it had become delinquent, putting them in the shoes of a "debt collector" as defined by the statute, *Section 1692a(6)(F)(iii)*. Additionally, Mr. Nierman, in issuing and sending the information subpoena, was acting as the attorney for Recovery of Judgment, LLC, and is therefore subject to the Act as a debt collector in his own right, *Section 1692a(6)(F)*.

Plaintiff and his children were terribly damaged by defendants' conduct, which subjected them to embarrassment and ridicule from their neighbors, mailman and anyone else who saw the envelope that told the world they were "deadbeats". Although Mr. Miller did not sustain any physical injuries form these violations, e.g., a broken leg, he did suffer from anxiety, worry and mental distress for which he is entitled to compensation. Counsel estimates that the value of this claim for actual damages is worth at least $7,500.00, plus statutory damages of $1,000.00, attorney fees of $5,000.00 and costs of $450.00, for a total of $13, 950.00.

Defendants have offered to settle the matter by making a small reduction on amount due on the underlying debt, conditioned on the prompt payment of the balance. Plaintiff is not able to accept this offer because he lacks the funds needed to pay off the underlying claim and needs to be compensated for the costs and expenses of this litigation. Although Plaintiff is eager to settle the matter, the following motions may be required: A motion for summary judgment as to liability and a discovery motion to determine the identity of other possible claimants, and the nature and extent of telephone calls among the parties. Plaintiff began this lawsuit as a class action, and withdrew the class action allegations based upon Mr. Nierman's representation that only 11 written communications were made. Plaintiff seeks to ascertain whether those communications violated the Act, and if so, whether additional claimants could be joined as plaintiffs.

# LAW OFFICES OF EDWARD J. GROSSMAN
## 135 WEST MAIN STREET, SUITE 204
## SMITHTOWN, NY 11787

Edward J. Grossman *

\* Licensed in NY & NJ

Tel: 631-265-5864
Fax: 631-656-9833
www.ejgrossmanlaw.com
eglawoffice@optonline.net

June 15, 2011

J. Henry Nierman, Esq.
352 Seventh Avenue
Suite 803
New York, New York 10001

**Fax: 1-646-810-5781**

Re: Brian Miller

Dear Mr. Nierman:

    In accordance with our last telephone conversation, we have agreed to drop the class action allegations in the complaint. An amended complaint will be served upon you forthwith.

    As you know from the materials filed on Pacer, there is a conference with the judge set for June 17, 2011 at noon in room 717S of the Brooklyn Federal Courthouse. At that time, we must bring the completed case management documents. (annexed hereto) please fill out a draft and send it back to me. If I need any changes, I will let you know later today or tomorrow.

    Thank you for your assistances herein.

Very truly yours,

Edward J. Grossman

```
TRANSMISSION VERIFICATION REPORT

                                          TIME  : 06/13/2011 03:38
                                          NAME  : ED GROSSMAN
                                          FAX   : 6312650671
                                          TEL   : 6312655864
                                          SER.# : 000A5J229244


DATE,TIME              06/13 03:36
FAX NO./NAME           16468105781
DURATION               00:02:50
PAGE(S)                10
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# LAW OFFICES OF EDWARD J. GROSSMAN
## 135 WEST MAIN STREET, SUITE 204
## SMITHTOWN, NY 11787

Edward J. Grossman *

\* Licensed in NY & NJ

Tel: 631-265-5864
Fax: 631-656-9833
www.ejgrossmanlaw.com
ejlawoffice@optonline.net

June 15, 2011

J. Henry Nierman, Esq.
352 Seventh Avenue
Suite 803
New York, New York 10001

**Fax: 1-646-810-5781**

Re: Brian Miller

Dear Mr. Nierman:

    In accordance with our last telephone conversation, we have agreed to drop the class action allegations in the complaint. An amended complaint will be served upon you forthwith.