UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN MILLER )<br>Plaintiff, )<br>)<br>v. )<br>)<br>RECOVERY OF JUDGMENT, LLC, )<br>LAW OFFICES OF J. HENRY NIERMAN )<br>a/k/a JOSEPH NIERMAN and JOHN )<br>and JANE DOES NUMBERS 1-25, )<br>)<br>Defendant(s) | Civil Action No.: CV 02150-BMC |

**ANSWER PRESENTING DEFENSES UNDER RULE 12(b)**

**Responding to Allegations in the Complaint**

1.  Defendants admit the allegations in paragraphs numbered 4, 5, 6, 7, 9, 11, 14, 15, 16 and 18.

2.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs numbered 8, 10, 12 13, 17, 19, 28, 29, 32, 33, 34, 35, 36, 37 and 39.

3.  Defendants deny the allegations set forth in paragraphs numbered 1, 2, 3, 21, 22, 25, 26, 27, 30, 31, 38, 41, 43, 44, 45, 47, 48, 49, 51, 52, 54 and ["67" sic] 55.

4.  Defendants admit the allegations set forth in paragraph numbered 20, except deny that the subject debt is merely in default, rather that it has been reduced to a judgment.

5.  Defendants deny the allegations set forth in paragraph numbered 23, except admit that the original creditor assigned his judgment to Recovery Of Judgment, LLC ("ROJ") and that ROJ retains the Law Offices of J. Henry Nierman a/k/a/ Joseph Nierman ("Nierman") as its

counsel on a case by case basis and that Nierman retains an ownership interest in ROJ.

6. Defendants deny the allegations set forth in paragraph 24 to the extent that said allegations imply that Nierman is collecting debt rather than ROJ and to the extent that it implies that ROJ exclusively collects debts incurred for personal, family or household purposes, or that the subject debt is properly categorized as same or that it uses the telephone or internet or other instrumentalities of interstate commerce to contact debtors.

7. Defendants deny knowledge and information sufficient to form a belief as to any of the allegations set forth in paragraph 39, other than admitting that around November 18, 2010 a letter was sent from ROJ to the plaintiff.

8. Defendants repeat their admissions, denials and denials of knowledge and information sufficient to form a belief as to the allegations implied in paragraphs numbered 40, 42, 46, 50 and 53.

## Failure to State a Claim

9. The complaint fails to state a claim upon which relief can be granted.

## FIRST AFFIRMATIVE DEFENSE
## THE SUBJECT DEBT DOES IS NOT COVERED BY 15 U.SC 1692

10. 15 USC. § 1692 does not govern debts incurred for commercial purposes.

11. The debt was incurred from unpaid rent for the use of a certain premesis.

12. Upon information and belief the Plaintiff used the subject premises as an office to operate his law practice.

13. The subject debt is not governed by 15 U.S.C. § 1692.

## SECOND AFFIRMATIVE DEFENSE

### 15 U.S.C. § 1692 EXCLUDES DEFENDANT NIERMAN FROM ITS SCOPE

14. Defendants repeat and reallege each allegation set forth hereinabove as if set forth at length herein.

15. 15 U.S.C. § 1692(A)(6)(B) specifically excludes the term "debt collector" from applying to "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts."

16. Nierman retains a fifty percent (50%) ownership interest in ROJ.

17. Nierman's efforts in debt collection are exclusively on behalf of ROJ. Moreover, Nierman does not "regularly" engage in debt collection in his practice of law.

18. Based upon the foregoing, Nierman is not deemed a debt collector and cannot be liable under 15 U.S.C. § 1692.

## THIRD AFFIRMATIVE DEFENSE

### 15 U.S.C. § 1692 EXCLUDES DEFENDANT ROJ FROM ITS SCOPE

19. Defendants repeat and reallege each allegation set forth hereinabove as if set forth at length herein.

20. The subject debt was assigned to ROJ from the original creditor. 15 U.S.C. §

1692(A)(6) defines "debt collector" as "any person … in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or **due another**." (Emphasis Added.)

21. ROJ was not attempting to collect a debt owed to a third party, rather it was attempting to collect a debt owed to itself.

22. ROJ is entitled to use its own name on the outside of its mailings in its efforts to collect debts owed to ROJ.

23. Based on the foregoing ROJ cannot be held liable for violating 15 U.S.C. § 1692.

## COUNTERCLAIM

## RULE 11 SANCTIONS

24. Defendants repeat and reallege each allegation set forth hereinabove as if set forth at length herein.

25. None of the Defendants have ever made any phone calls to the Plaintiff.

26. None of the Defendants have ever employed any person or entity to assist ROJ in its collection of debts.

27. The identity of the party who uses the subject phone number (888) 841-5366 which number is the origin of the party purportedly harassing the plaintiff as alleged in paragraph 31 of the Amended Complaint (the "Phone Number") is an entity who calls themselves "Reaching U Network" sponsored by Freedom Legal Plans. They claim to be a community outreach program trying to help people with their mortgage and have no relationship with any efforts to collect the subject debt.

28. Prior to amending the complaint, Nierman informed Plaintiff's counsel that the Defendants had no relationship to any parties calling the Plaintiff, nor any knowledge as to whom the Phone Number was associated with.

29. Had the plaintiff made one phone call to the Phone Number, they would have realized that their claims regarding harassing telephone calls as against the Defendants were baseless.

30. The plaintiff failed to perform any due diligence to determine whether there was any relationship between the party making the subject harassing telephone calls and the Defendants.

31. The Plaintiff has intentionally or recklessly wasted the Court's time and caused the defendants to waste their time and money in legal fees by knowingly asserting baseless allegations and empty causes of action.

32. Based on the foregoing, the Defendant is entitled to sanctions under Rule 11 of the Federal Rules of Civil Procedure in an amount to be determined in Court but estimated as being no less than ten thousand ($10,000.00) dollars.

## PRAYER FOR RELIEF

A. Denying the relief sought by the Plaintiff in its entirety

B. For the COUNTERCLAIM, under Rule 11 of the Federal Rules of Civil Procedure, sanctioning the Plaintiff and awarding the Defendants an amount to be determined in Court but estimated as no less than ten thousand ($10,000.00) dollars.

Date: July 7, 2011

                                                                                        _____

                                                                                        Barry C. Shneps BCS-0047  
                                                                                        352 Seventh Avenue, Suite 803  
                                                                                        New York, NY 10001  
                                                                                        (516) 523-3803